## ASA GRAVES *vs.* CHARLES JACOBS.

If, in an action to recover the value of the labor of the plaintiff's intestate for several years before his death, the defendant has introduced evidence to show that by reason of confirmed intemperance and a chronic bodily disease his labor was not worth more than his board and clothing, and such small sums of money as were furnished to him for holidays, evidence is inadmissible in reply to show the amount and value of his labor the year before he commenced working for the defendant, and that there was no visible change for the worse in his health and habits thereafter.

MERRICK, J. This is an action of contract to recover $750 alleged to have been due to the plaintiff's intestate, Walter G. Graves, at the time of his decease, for labor performed by him during six years next preceding March 1st 1859 for the defendant upon his farm in Groton.

It is stated in the bill of exceptions that at the trial the plaintiff produced and read in evidence the report of an auditor, to

whom the cause had at a former term been committed, from which it appeared that there was due to him, as administrator of the estate of said Walter, the sum of $352.50; and there he rested his case. The defendant then introduced much evidence tending to show that the said Walter did but little labor upon the farm, and was employed only on the lighter and easier portions of the work; that from habits of confirmed intemperance and also from chronic bodily disease and weakness his labor was not worth more than the expense of his maintenance; and that there was a special contract between the parties, by the terms of which the said Walter was to do only the least laborious part of the work, and was to be compensated for his services by being supplied with a home, his board and clothing, and small sums of money for holidays. He also produced other evidence; but as no question arises concerning it, there is no occasion now to recite or refer to it.

The plaintiff then called Asher Jewett, and proposed to ask him whether said Walter performed for him labor of the same general character in the year 1852 and earlier; and to show how he worked, and the value of his labor before he began to work on the defendant's farm; proposing also to show that there had been no visible change for the worse in his health and habits. The court ruled that the proposed evidence was inadmissible, and the testimony of the witness was excluded. To this ruling the plaintiff excepted.

In support of his exceptions he insists that this evidence was competent and should have been admitted to rebut that which, as above stated, had been produced on the part of the defendant and submitted to the jury. But it does not appear from anything set forth or reported in the bill of exceptions that the testimony of Jewett, if it had been admitted, would have been in conflict with any part of the evidence which the defendant had introduced. He had endeavored to show that the habitual intemperance of the said Walter, and the chronic disease to which he was subject, had essentially impaired his capacity to render valuable services as a laborer upon a farm. This seems not to have been in any degree contested or denied by the

plaintiff. Giving to his offer of evidence the utmost force and effect which can be attributed to it, he only proposed to show that while said Walter worked in and previous to the year 1852 fo Mr. Jewett, his services were such as to entitle him to some compensation beyond his mere support and maintenance. But this is by no means inconsistent with the fact attempted to be proved by the plaintiff, that although the health of the said Walter did not afterwards decline or become visibly more impaired, the work which he actually performed during the six years subsequently to the time when he was in the employment of Jewett was not, considered altogether, reasonably worth more than his board and clothing and the small sums of money occasionally given to him on holidays. This being the question involved in the issue, it is manifest that no aid in its determination can be afforded by inquiries in relation to the value of services rendered at an earlier period and for a different person. They are independent transactions, in respect to which the rights of the parties are to be considered in view of the evidence applicable to each of them. Proof in reference to the one has no tendency to show what justice requires in the other case.

As the bill of exceptions does not show that the testimony of Jewett was erroneously excluded, the objection taken thereto by the plaintiff cannot be sustained. *Parmenter* v. *Coburn*, 6 Gray, 509. The other objections taken at the trial were not relied upon or brought to the attention of the court upon the argument upon the bill of exceptions, and are, therefore, considered as having been intentionally waived.

*Exceptions overruled.*

*T. H. Sweetser & J. Q. A. Griffin*, for the plaintiff.
*G. A. Somerby & J. K. Bennett*, for the defendant.